UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2005 SEP 12 P 3: 04

| | |
|---|---|
| LAMAR CATO,<br>PLAINTIFF,<br><br>VS.<br><br>RUTH YANCEY, indivually and in her official capacity as Warden of FPC Montgomery; TOM WEST, indivually and in his official capacity as Correctional Officer; STEVEN BURNS, individually and in his official capacity as Correctional Officer; MARSHA RUDOLPH, individually and in her official capacity as Correctional Officer; WAYNE ROGERS individually and in his official capacity as Correctional Officer DALPHANIE ESSEX, individually and in her official capacity as as Physician Assistant at F.P.C. Montgomery, et al.<br>DEFENDANTS. | ) COMPLAINT<br>)<br>)<br>) CIVIL ACTION NO: 2:05 CV 872 -F<br>) (CIVIL RIGHTS)<br>)<br>)<br>) DEMAND FOR JURY TRIAL |

## I. JURISDICTION

1.   This is a civil action authorized by 42 U.S.C. sec. 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. sec. 1343. Plaintiff seek declaratory relief pursuant to 28 U.S.C. secs. 2201 and 2202.

## II. PLAINTIFF

2.   Plaintiff, Lamar Cato is and was at all times mentioned herein a prisoner in the custody of the Bureau of Prisons. He is currently confined in Federal Prison Camp, Eglin Air Force Base, Eglin, Florida 32542-7606.

## III. DEFENDANTS

3.    Defendant **Ruth Yancey**, is the Warden of Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama. She is legally responsible for the overall operation of Federal Prison Camp, Maxwell Air Force Base and for the welfare of the inmates of the prison.

4.    Defendant **Tom West**, is a Correctional Officer of the Bureau of Prisons who, at all times mentioned in this complaint, held the position as an officer and was assigned to Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

5.    Defendant **Steven Burns**, is a Correctional Officer of the Bureau of Prisons who, at all times mentioned in this complaint, held the position as an officer and was assigned to the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

6.    Defendant **Marsha Rudolph**, is a Correctional Officer of the Bureau of Prisons who, at all times mentioned in this complaint held the position as an officer and was assigned to the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

7.    Defendant **Wayne Rogers**, is a Correctional Officer of the Bureau of Prisons who, at all times mentioned in this complaint, held the position as Lieutenant and was assigned to the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

8.  **Defendant Dalphanie Essex**, is a Correctional Officer of the Bureau of Prisons who, at all times mentioned in the complaint, held the position as Physician Assistant and was assigned to the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

9.  Each Defendant is sued individually and in his official or her official capacity. At all times mentioned in this complaint each defendant acted under the Color of State Law, of Rights secured by the Constitution of the United States.

## IV. FACTS

10. On August 4, 2003, at approximately 6:30 pm, Defendant Marsha Rudolph was driving electric Golf Cart at a high rate of speed in a heavily trafficked pedestrian area (Outside the entrance and exit to the inmate commissary), in which the sidewalk is approximately six (6) feet wide. The area consist of a solid concrete wall (commissary building), and the other side has metal post securing the roof;

11. **Plaintiff, Lamar Cato** was existing the Institution's commissary on the above date, at 6:30 pm, and was struck by Marsha Rudolph driving Golf Cart at a high rate of speed in a "Negligent and careless manner while failing to maintain vehicle under control;

12. **Plaintiff, Lamar Cato** was pushed and crushed into the steel door upon impact from the golf cart;

13. **Defendant(s),** Steven Burns and Tom West (commissary officers) immediately existed the commissary to the scene of the accident in which Burns and West observed that Lamar Cato was struck by the golf cart that Marsha Rudolph was driving;

14. **Plaintiff,** Lamar Cato suffered severe head trauma, and injuries to his hand;

15. **Defendant,** Marsha Rudolph suffered multiple injuries to her hand;

16. **Plaintiff,** Lamar Cato immediately requested medical attention from the shift lieutenant Wayne Rogers;

17. **Defendant,** Wayne Rogers instructed Lamar Cato to return to his housing unit, and to attend sick call the following morning;

18. **Plaintiff,** Lamar Cato returned to his housing unit, and immediately informed Officer Clark that he was experiencing a severe headache, and that both his hands were in extreme pain, However Officer Clark informed him that at direction of Lieutenant Wayne Rogers that he was to attend sick call in the morning;

19. **Plaintiff,** Lamar Cato went to medical sick call the following morning (August 5, 2003), in which Physician

Assistant Dalphanie Essex wrote a inmate injury assessment report which reflects that Lamar Cato was existing the Institution's commissary and a worker (Marsha Rudolph) was riding a golf cart and hit the door, and that Lamar Cato bumped his head on the door and injured his hand. (See: App.A)

20. **Plaintiff,** Lamar Cato has requested on several occasions from the institution the report which was written by Lieutenant Wayne Rogers the evening of the accident, however the officials at the institution have failed to comply with Lamar Cato's request (See: App. B).

21. **Plaintiff,** Lamar Cato has been experiencing sever headaches; dizziness; memory loss and hot flashes since the accident as reported in his request for medical treatment on: (August 11, 2003; August 20, 2003; September 5, 2003; October 14, 2003; November 17, 2003 and January 11, 2004. (See: App. C).

22. **Plaintiff,** Lamar Cato, submits the Institution has sent him to Advanced Medical Imaging Center on several occasions for medical evaluations from the injuries sustained from the accident. (See: App. D);

23. **Plaintiff,** Lamar Cato, submits the medical department at the institution has well documented Lamar Cato's injuries since the accident occurred (See: App. E), and have proscribed continuous medication for Lamar Cato. (See: App. E);

24. **Plaintiff**, Lamar Cato submits the officers listed below have retaliated against him in the following manner.

- ° Captain Michael Stevens denied Lamar Cato's family visitation when they arrived at 12:05 p.m., and stated visit cut off was 12:00 p.m., however inmates are called to visit up until 1:00 p.m., and sometimes even later;

- ° Lamar Cato was issued a bottom bunk pass from medical because of the accident mentioned above. Officer Briggs and Officer Carter have placed Lamar Cato in the "Pit" which is used for inmates that don't comply with Institution Rules and Regulations. Since Lamar Cato has been in the "Pit" is has turned over at least (3) times with new inmates, and Mr. Cato is still living in the "Pit."

- ° Officer Todd terminated Lamar Cato's visit with his Sister;

25. **Plaintiff**, Lamar Cato received no medical care until the following morning, August 5, 2003. As a result of the delay in providing medical care Plaintiff, Lamar Cato now suffers from memory loss; severe headaches, dizziness and hot flashes;

26. **Plaintiff**, Lamar Cato submits that the deliberate indifference to Lamar Cato's serious medical needs constituted unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, in intentionally denying or delaying access to medical care.

## V. LEGAL CLAIMS

27. Defendant's failure to provide medical care on August 4, 2003 to Lamar Cato constituted cruel and unusual punishment under the Eighth Amendment;

28. The deliberate indifference to Lamar Cato's serious medical needs constituted unnecessary and wanton infliction of pain proscribed by the Eight Amendment;

29, Defendant's threat's to punish Plaintiff for taking Legal Action, and the retaliation taking against Lamar Cato, and his family members violated Lamar Cato's Fourteenth Amendment.

Wherefore, Plaintiff Lamar Cato respectfully pray that this Court enter Judgement granting Plaintiff:

1. A declaratory Judgement that the Defendant's acts, policies and practices described herein violate Plaintiff's Rights under the United States Constitution;

2. A Preliminary and Permanent injunction which:

A. Prohibit Defendants, their agents, employees, successors in interest and all other persons in active concert or participation with them, from harassing, threatening, punishing or retaliating in any way against the Plaintiff because he filed this action, or from transferring Plaintiff to any other Institution, without his express consent, during the pendency of this action.

3.  **Compensatory damages** in the total amount of $750,000.00 to Plaintiff Lamar Cato from the Defendants.

4.  **Exemplary damages** in the amount of $50,000.00.

5.  Trial by Jury on all issues triable by Jury.

6.  Plaintiff's cost of this suit.

7.  Such other and further relief as this Court may deem just proper and equitable.

Dated: _9/6/05_

Respectfully Submitted,

_Lamar Cato_

Lamar Cato
Fed. Reg. No: 49616-019

Federal Prison Camp
P.O. Box 699
Estill, SC 29918