# APPENDIX F

U.S. Department of Justice          Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Cato, Lamar__     __49616-019__     __Mobile A__     __FPC Montgomery__
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

This request for Appeal is from the Response of Regional Administrative Remedy dated November 28, 2003, thereby this Appeal to Central Office is filed timely. Mr. Cato maintains his allegations as set forth in Administrative Remedy #311736-F1, Wherein, Mr. Cato stated that he was struck by a moving Golf Cart driven by Officer Rudolph in a **"NEGLIGENT AND CARELESS MANNER WHILE FAILING TO MAINTAIN VEHICLE UNDER CONTROL"** as Mr. Cato exited the commissary causing Mr. Cato "excruciating pain in his head and several bruises on his hand. Officer Rudolph was grossly negligent while driving a golf cart in a careless and reckless manner while failing to maintain vehicle under control as Officer Rudolph was driving at a high rate of speed in a heavily trafficked pedestrian area. The Courts have established that prison personnel are negligent when failing to use "reasonable care" to avoid a foreseeable risk. See: District of Columbia v. Mitchell, 533 A12d 629, 639 (D.C. 1987); Becnel v. Charlet, 569 So.2d 9, 11 (L.A.App. 1990). Officer Rudolph knew or should have known that the commissary sidewalk is approximately six (6) feet wide, on one side there is solid concrete and the other side you have metal post securing the over head roof, and when inmates are lined up awaiting their turn

               **SEE CONTINUATION**

_____          _____
     DATE                                                     SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____          _____
     DATE                                                     GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C—RECEIPT**

                                                           CASE NUMBER: _____

Return to: _____ _____ _____ _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____          _____
     DATE                                                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

PAGE 2, CONTINUATION
<u>REGIONAL ADMINISTRATIVE REMEDY APPEAL</u>

to enter the commissary it diminishes the width to approximately four (4) feet, and when the commissary door opens to enter and exit the story it is impossible to pass through this area in a golf cart at "**ANY**" rate of speed.

Officer Rudolph's gross careless negligent act caused Mr. Cato to suffer "excruciating pain in his head and bruised his hand in several places as documented in his medical records.

In addition Officer Rudolph sustained multiple injuries in which blood poured from her hand due to her negligent and careless manner while operating golf cart.

A review of Officer Rudolph's Personal file will show due to the injury Officer Rudolph had a Medical Leave due to the accident.

In addition, Mr. Cato states that the Officers and Medical staff on duty were deliberate indifferent to his medical needs in which no medical intervention was given to Mr. Cato the evening of the accident, and was sent to his living quarters in extreme head pain, and instructed to attend sick call in the morning. See: <u>Murphy v. Walker</u>, 51 F.3d 714, 719 (7th Cir. 1995) ("Any injury to the head inflicting prolonged pain and discomfort mandates medical evaluation within a reasonable period of time").

The Officers and Medical staff purposefully ignored or failed to respond to the "excruciating pain and injury" to Mr. Cato the evening, and Mr. Cato is still experiencing the same conditions as the night of the accident.

**WHEREFORE**, Mr. Cato demands judgement as follows:

1. For compensatory damages in the amount of $750,000.00;

2. For exemplary damages in the amount of $50,000.00.

_____          _____
Date                     Signature

Administrative Remedy No. 311736-A1
Part B - Response

RECEIVED
04 JAN 26 PM 12:08
FPC MAXWELL AFB

You appeal the Warden's response to your Request for Administrative Remedy. You maintain you were struck by a golf cart on August 4, 2003, by a staff manner who was operating the vehicle in a negligent and careless manner. You also contend staff were deliberately indifferent to your medical needs. As relief, you request compensatory damages in the amount of $800,000.00.

Our review reveals the Warden and Regional Director have adequately addressed the issues you raise in your appeal. As noted by the Warden, a post-accident review revealed the incident was an unforeseeable accident. There is no evidence to support your contention the staff member acted in a negligent manner. Morever, although you advised staff that you did not need medical attention, you were instructed to report to sick call for a medical assessment.

The Administrative Remedy Program ordinarily cannot provide monetary relief. If you believe you have sustained an injury caused by the negligence, wrongful act or omission of a staff member, you may wish to file a claim pursuant to the Federal Tort Claims Act (FTCA). This procedure is outlined in Program Statement 1320.05, <u>Claims under the Federal Tort claims Act</u>. A member of your Unit Team can assist you in obtaining the appropriate claim form.

Based on the foregoing, your appeal is denied.

January 16, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals

INMATE NAME: **CATO, Lamar**　　REG NO. **49616-019**　:I:　　DATE: **8/5/03**

NOTICE TO INMATE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Please follow the three (3) steps listed below:

**Assault by staff member**

1. STATE YOUR SPECIFIC COMPLAINT: **SEE CONTINUATION ON REVERSE**

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: **SEE CONTINUATION ON REVERSE**

3. STATE WHAT RESOLUTION YOU EXPECT: **SEE CONTINUATION ON REVERSE**

INMATE SIGNATURE: *Lamar Cato*　　DATE: **8/11/03**

CORRECTIONAL COUNSELOR'S COMMENTS (STEPS TO RESOLVE): _____

COUNSELOR'S SIGNATURE: _____ DATE: _____
UNIT MGR'S REVIEW: _____ DATE: _____

STAFF ACTION:
____ NOT ACTED ON – STATE REASONS IN COMMENTS
____ INFORMALLY RESOLVED – COPY TO CENTRAL FILE
____ NO INFORMAL RESOLUTION – BP-9 ISSUED
____ IF IDC OR UDC, DATE FORM RETURNED TO INMAE _____
TEAM # _____ CODE _____

| Inmate | Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to AW(P) |
|---|---|---|---|---|
| Date: | 08/11/03 | | | |
| Time: | 2:25pm | | | |
| elor | Carter/Oz | | | |

INMATE NAME: CATO, LAMAR          REG NO. 49616-019          DATE: 09-10-03

NOTICE TO INMATE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Please follow the three (3) steps listed below:

1. STATE YOUR SPECIFIC COMPLAINT: NEGLIGENT CARELSS ACT BY OFFICER RUDOLPH WHILE DRIVING A GOLF CART IN A RECKLESS MANNER IN FALLING TO MAINTAIN VEHICLE UNDER CONTROL STRIKING LAMAR CATO WHEN EXITING THE COMMISSARY CAUSING BODILY INJURY.

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: PROVIDED SAFTEY DEPARTMENT SUPERVISOR MRS. JACKSON A STATEMENT OF THE INCIDENT WHICH TRANSPIRED ON AUGUST 05, 2003.

3. STATE WHAT RESOLUTION YOU EXPECT: PURSUANT TO (PLRA), EXHAUST ALL AVAILABLE ADMINISTRATIVE REMEDIES. FURTHER, I SEEK MONETARY AWARDS FOR THE INJURIES THAT I HAVE SUSTAINED, AMOUNT IS UNKNOWN AT THE PRESENT BECAUSE EXTENT OF INJURIES IS UNKNOWN,

INMATE SIGNATURE: Lamar Cato       DATE: 9/10/03

CORRECTIONAL COUNSELOR'S COMMENTS (STEPS TO RESOLVE): See attached response to informal resolution from Mr. Stephens.

COUNSELOR'S SIGNATURE: DLCarter      DATE: 9-21-03
UNIT MGR'S REVIEW: _____              DATE: 9-21-03

STAFF ACTION:
_____ NOT ACTED ON - STATE REASONS IN COMMENTS
_____ INFORMALLY RESOLVED - COPY TO CENTRAL FILE
_____ NO INFORMAL RESOLUTION - BP-9 ISSUED
_____ IF IDC OR UDC, DATE FORM RETURNED TO INMAE _____
TEAM # _____ CODE _____

FPC MAXWELL AFB, AL 35112   03 SEP 24 AM 8:56   RECEIVED WARDEN'S OFFICE

| Inmate | Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to AW(P) |
|---|---|---|---|---|
| Date: | 09/10/03 | 9-21-03 | 9-21-03 | 9-24-03 |
| Time: | 11:00 AM | 9:00 AM | 2:00 PM | 8:50 AM |
| elor | Carter,DL | Carter,DL | Carter,DL | Carter,DL |

**U.S. Department of Justice**
Federal Bureau of Prisons

**RESPONSE TO INMATE INFORMAL RESOLUTION**

---

| From: | CATO, Lamar | 49616-019 | Mobile Unit | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**RESPONSE/DISPOSITION**

This is in response to the above inmates Inmate Request for Informal Resolution, dated September 10, 2003, where you are alleging that an officer, through careless neglect and reckless behavior, struck you with a golf cart as you exited through the commissary door.

A review of your case reveals that the Safety Manager conducted a post incident review and determined that this incident was merely an unfortunate and unforeseeable accident. Additionally, there is no evidence to support your allegation that the officer was operating the golf cart in a reckless or careless manner.

I trust this information is responsive to your concerns.

9/18/2003
DATE

_____
SIGNATURE

RECEIVED
WARDEN'S OFFICE
03 SEP 24 AM 8:55
FPC MAXWELL AFB, AL 36112

1. First of all for the record, when I requested an informal resolution from Mr. Carter, Counselor, he fails to understand the facts of the incident. Mr. Carter's interpretation of the incident is incorrect. As noted on the top left of the informal resolution Mr. Carter classified the incident as an "assault by staff member," this classification is incorrect because assault is defined as " AN ATTEMPT TO COMMIT BATTERY, REQUIRING THE SPECIFIC INTENT TO CAUSE PHYSICAL INJURY." See: (Black's Law Dictionary, Seventh Edition (1999). Clearly the elements of assault is NOT the case at hand BECAUSE OFFICER RUDOLPH DID NOT SPECIFICALLY GO OUT HER WAY TO CAUSE PHYSICAL INJURY.

    Now, the more appropriate classification of the incident that transpired is a NEGLIGENT CARELESS ACT BY OFFICER RUDOLPH WHILE DRIVING A GOLF CART IN A RECKLESS MANNER IN FAILING TO MAINTAIN VEHICLE UNDER CONTROL. For reasons of brevity, and to clarify the record in this matter I have attached a copy of my statement which provided on August 05, 2003, to Mr. Jackson, Supervisor of the Safety Department regarding what transpired on the evening of the accident of August 04, 2003.

2. I spoke with Mr. Carter, my counselor regarding the incident and instead of sympathizing with my concerns his reaction and rude comments were "WHO PUMPED YOU UP FOR THIS.

3. First of all at this stage all I care for is to document the incident and exhaust all my available administrative remedies so the incident can be documented on my behalf. Secondly, Mr. Carter must be trained in regards to classification of incidents because his interpretation of this particular incident is incorrect and can cause serious repercussions for me and other inmates when attempting to exhaust administrative remedies. The goal of administrative remedies is to resolve inmate issues not to act bias towards a particular party in attempts to cause prejudice interpretation of the incident which can lead to retaliatory acts from members of the Bureau of Prisons.

RECEIVED
WARDEN'S OFFICE
03 SEP 24 AM 8:56
FPC MAXWELL AFB. AL 36112

Page Two Continuation
_____

On this same date on or about 2:28 P.M. I was informed to report to Mr. Carter's office. Upon encountering Mr. Carter, I was bombarded by harsh statements, "You filing on me," I attempted to explain to Mr. Carter that I was just documenting the events that transpired prior to receiving my informal resolution. At this point Mr. Carter rudely and grossly kicked me out of his office by stating "Get out of my office." (See: Attachment B).

On this same date on or about 3:00 P.M. Mr. Carter once again summoned me to his office and informed me that the **CAPTAIN** is not going to accept this informal resolution because it is not filed correctly. At that point I informed Mr. Carter that I was going to personally speak with the Warden.

After closely inspecting the informal resolution form the only area that was not filled in was the signature. Therefore, I signed the form and on this same date on or around 7:10 P.M. I approached Mr. Carter and handed the informal resolution back to him. A few minutes later Mr. Carter summoned me back to his office and said, "all you did was sign it." I pointed out to Mr. Carter that the form was complete, and he stated "You think the man is playing, the man read all that you are showing me and said he is not taking it," (The man is referred to as the Acting Captain)(Mr. Stephen).

Further, I state that the injury has caused me severe headaches which I have made numerous appointments at sick call to ascertain the extent of my injuries and the constant headaches in which I am enduring. I further state that at the time of the incident I was left unattended when all immediate medical treatment was provided to Officer Rudolph. It was apparent that my safety and well being was secondary because the Lieutenant on duty informed me to go to sick call in the morning, thus being deliberate indifferent towards my medical needs at the time. I point out at this time that it is well established in the courts that, [A]ny injury to the head inflicting prolonged pain and discomfort mandates medical evaluation within a reasonable time. See: Murphy v. Walker, 51 F.3d 714, 719 (7th Cir. 1995). Furthermore, the court in Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir. 2001), has established that, [e]very day that the defendants ignored the plaintiff's request for treatment increased his pain.

Finally, I point out that pursuant to the Prisoner Litigation Reform Act ("PLRA"), as codified at 42 U.S.C. Section 1997(e), an inmate must exhaust all available administrative remedies prior to accessing the courts. Therefore, I respectfully state that by Mr. Carter's intervention by not accepting my informal resolution because the Captain has taken the liberty to deny my exhaustion process is construed as an end to my exhaustion process.

**WHEREFORE,** I state that in good faith I have attempted to exhaust all available administrative remedies and I am further providing the administration at this level to render me relief prior to accessing the courts.

Finally, I demand compensatory damages to be named at a later date for the gross negligent act suffered at the hands of Officer Rudolph while driving a golf cart in a **NEGLIGENT CARELESS MANNER WHILE FAILING TO MAINTAIN VEHICLE UNDER CONTROL**.

Aug. 17, 2003
_____
Date

*Lanuer Cato*
_____
Signature

Date: August 5, 2003

RECEIVED
03 SEP 24 AM 8:56
WARDEN'S OFFICE
FPC MAXWELL AFB, AL 361[..]

To: Safety Department:

RE: Accident on August 4, 2003.

I was coming out of commissary with my grocery, when suddenly officer struck the door with golf cart. I tried pulling the door back in before she could hit it, but she was driving too fast. She was up on me before I could close the door back. As I pulled the door back, due to the force, I was unable to pull the door close. The force snatched my arm, and I bumped my hand. In my other hand I had my groceries which I also bumped. I also bumped my head on the frame of the door, or the ▬ door itself. It happen so fast I can't be for sure what I hit my head on. After the cart came to a stop, officer was in pain, she ask was I alright, and I said I hit my hand and head. Another officer came from inside commissary to help her. I just sat and waited. I told officer and Lt. about what happen. Lt. R[.] told me to go and get checked out in the morning. After 10:00pm count I was unable to sleep, due to severe headach[e]. I place ice on my hand to take some of the swelling down. I didn't have anything strong enough for the headaches.

End of statement

**U.S. DEPARTMENT OF JUSTICE**                      **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: __Cato, Lamar__     __49616-019__     __Mobile__     __FPC Montgomery__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST**

This request for Administrative Remedy is being very respectfully submitted to ask your office to investigate the allegations made in my informal resolution form (BP-8½), and herein against Officer Rudolph, Mr. Carter and the Health Service Department.

On August 04, 2003, I sustained a harsh head injury while exiting the commissary at the hands of Officer Rudolph while driving a golf cart in a **(NEGLIGENT CARELESS MANNER WHILE FAILING TO MAINTAIN VEHICLE UNDER CONTROL)**, on a sidewalk in a heavily trafficked area by inmate population. (See: Attachment A, Statement provided to Safety Department).

On August 05, 2003, I approached Mr. Carter, Counselor and requested an informal resolution, to address my concerns of this accident, and my personal injury.

On August 11, 2003, on or about 2:15 P.M. after marshalling the facts I submitted the informal resolution to Mr. Carter.

__Aug. 17, 2003__                                            _Lamar Cato_
       DATE                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

*[FPC MAXWELL / RECEIVED SEP 24 AM 8:56 stamp]*

---

       DATE                                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: __311736-F1__

                                                               CASE NUMBER: __311736-F1__

**Part C- RECEIPT**

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____

       DATE                                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                  Printed on Recycled Paper                                           BP-229(1)
                                                                                               APRIL

**Page Two Continuation**

On this same date on or about 2:28 P.M. I was informed to report to Mr. Carter's office. Upon encountering Mr. Carter, I was bombarded by harsh statements, "You filing on me," I attempted to explain to Mr. Carter that I was just documenting the events that transpired prior to receiving my informal resolution. At this point Mr. Carter rudely and grossly kicked me out of his office by stating "Get out of my office." (See: Attachment B).

On this same date on or about 3:00 P.M. Mr. Carter once again summoned me to his office and informed me that the <u>CAPTAIN</u> is not going to accept this informal resolution because it is not filed correctly. At that point I informed Mr. Carter that I was going to personally speak with the Warden.

After closely inspecting the informal resolution form the only area that was not filled in was the signature. Therefore, I signed the form and on this same date on or around 7:10 P.M. I approached Mr. Carter and handed the informal resolution back to him. A few minutes later Mr. Carter summoned me back to his office and said, "all you did was sign it." I pointed out to Mr. Carter that the form was complete, and he stated "You think the man is playing, the man read all that you are showing me and said he is not taking it," (<u>The man is referred to as the Acting Captain</u>)(Mr. Stephen).

Further, I state that the injury has caused me severe headaches which I have made numerous appointments at sick call to ascertain the extent of my injuries and the constant headaches in which I am enduring. I further state that at the time of the incident I was left unattended when all immediate medical treatment was provided to Officer Rudolph. It was apparent that my safety and well being was secondary because the Lieutenant on duty informed me to go to sick call in the morning, thus being deliberate indifferent towards my medical needs at the time. I point out at this time that it is well established in the courts that, [A]ny injury to the head inflicting prolonged pain and discomfort mandates medical evaluation within a reasonable time. See: <u>Murphy v. Walker</u>, 51 F.3d 714, 719 (7th Cir. 1995). Furthermore, the court in <u>Heard v. Sheahan</u>, 253 F.3d 316, 319 (7th Cir. 2001), has established that, [e]very day that the defendants ignored the plaintiff's request for treatment increased his pain.

Finally, I point out that pursuant to the Prisoner Litigation Reform Act ("PLRA"), as codified at <u>42 U.S.C. Section 1997(e)</u>, an inmate must exhaust all available administrative remedies prior to accessing the courts. Therefore, I respectfully state that by Mr. Carter's intervention by not accepting my informal resolution because the Captain has taken the liberty to deny my exhaustion process is construed as an end to my exhaustion process.

**WHEREFORE,** I state that in good faith I have attempted to exhaust all available administrative remedies and I am further providing the administration at this level to render me relief prior to accessing the courts.

Finally, I demand compensatory damages to be named at a later date for the gross negligent act suffered at the hands of Officer Rudolph while driving a golf cart in a <u>NEGLIGENT CARELESS MANNER WHILE FAILING TO MAINTAIN VEHICLE UNDER CONTROL</u>.

Aug. 17, 2003                                        Lamar Cato
_____                                      _____
     Date                                               Signature

**U.S. Department of Justice**
Federal Bureau of Prisons

**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**

---

From: **CATO, Lamar**            **49616-019**         **Mobile Unit**            **FPC Montgomery**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.              UNIT                       INSTITUTION

**RESPONSE/DISPOSITION**

This is in response to your Request for Administrative Remedy, dated August 17, 2003, where you are alleging that an officer, through careless neglect and reckless behavior, struck you with a golf cart as you exited through the commissary door, that you were not provided with immediate medical attention as that provided to the officer, and that you were denied the opportunity to exercise your Administrative Remedy rights.

A review of your case reveals that the Safety Manager conducted a post incident review and determined that this incident was merely an unfortunate and unforeseeable accident. Additionally, there is no evidence to support your allegation that the officer was operating the golf cart in a reckless or careless manner.

Two witnesses at the scene of the accident provided information that, on night of the incident, the Shift Lieutenant questioned you concerning any injuries that you may have received and offered you medical treatment. Although you indicated that you were okay and that you didn't need medical treatment, the Shift Lieutenant ordered you to report to sick call the next morning to get a medical assessment.

It was discovered that you were never denied the opportunity to exercise your Administrative Remedy rights, but rather during the Informal Resolution phase, you were asked to clarify what type of relief that you were seeking, and you failed to provide your unit team the requested information.

Based upon the above information, your allegations were reviewed and therefore, your relief has been granted.

10-31-03
DATE

SIGNATURE

```
LAMAR JR CATO, 49616-019
MONTGOMERY FPC      UNT: MOBILE      QTR: O01-021L
MAXWELL AIR FORCE BASE
MONTGOMERY,   AL 36112
```

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Cato, Lamar__   __49616-019__   __Mobile A__   __Fpc Montgomery__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

This request for Regional Administrative Remedy Appeal is very respectfully submitted by Lamar Cato, (hereinafter "Mr. Cato"), pursuant to Mr. Cato's Administrative Remedy #311736-F1 response dated October 31, 2003. Wherein, Mr. Cato stated that he was struck by a golf cart driven by Officer Rudolph in a "**NEGLIGENT AND CARELESS MANNER WHILE FAILING TO MAINTAIN VEHICLE UNDER CONTROL**" as Mr. Cato exited the commissary causing Mr. Cato severe head trauma.

Mr. Cato hereinafter maintains his allegations that Officer Rudolph was grossly negligent while driving a golf cart in a careless and reckless manner while failing to maintain vehicle under control as Officer Rudolph was driving at a high rate of speed in a heavily trafficked pedestrian area in which the width of the sidewalk is approximately six (6) feet wide. The courts have established that prison personnel are negligent when failing to use "reasonable care" to avoid a foreseeable risk. See: District of Columbia v. Mitchell, 533 A.2d 629, 639 (D.C. 1987); See also: Becnel v. Charlet, 569 So.2d 9, 11 (La.App. 1990) citing (work supervisor had a duty to use reasonable care in handling dangerous tools).   SEE CONTINUATION   _Lamar Cato_

__11/4/03__                                            SIGNATURE OF REQUESTER
DATE

**Part B—RESPONSE**

_____   _____
DATE                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                   CASE NUMBER: __311736-R1__

**Part C—RECEIPT**
                                                 CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____     _____
USP LVN   DATE              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

PAGE 2, CONTINUATION
REGIONAL ADMINSTRATIVE REMEDY APPEAL
_____

Officer Rudolf knew or should have known that the commissary sidewalk is approximately six (6) feet wide, on one side there is solid concrete and the other side you have metal post securing the over head roof, and when inmates are lined up awaiting their turn to enter the commissary it diminishes the width to approximately four (4) feet, and when the commissary door opens to enter and exit the story it is impossible to pass through this area in a golf cart at "**ANY**" rate of speed.

Further Warden Ruth Yancey in her response states that there is no evidence to support Mr. Cato's allegation that the officer was operating the golf cart in a reckless manner or careless manner. This defense is quickly quieted when the record clearly shows that Officer Rudolph's gross careless negligent act caused Mr. Cato to suffer a severe head trauma and bruised hand as documented in his medical records. Further when Mr. Cato files for discovery through a Federal Court the evidence will show the damage caused to a solid steel door and Officer Rudolph's sustained multiple injuries in which blood poured from Officer Rudolph's hand. Additionally, through discovery it will be noted through the Bureau's Time and Attendance records how much time Officer Rudolph was out of work for her injuries sustained in this gross and negligently careless act while driving a golf cart at a high rate of speed and failing to maintain the golf cart under control.

Further Mr. Cato states that the officers on duty were deliberate indifferent to his medical needs when he was not provided with medical intervention the evening of the accident and was sent to his living quarters in extreme head pain, and instructed to attend sick call in the morning. Additionally, Mr. Cato states that the medical department at FPC Montgomery has also been deliberate indifferent to his medical condition in which Mr. Cato is being informed that his headaches are due to sinus problems. Mr. Cato further states that he has endured constant head pain for approximately three months since the date of the accident of August 05, 2003.

**WHEREFORE,** Mr. Cato demands judgement as follows:

1. For compensatory damages in the amount of $750,000.00;

2. For exemplary damages in the amount of $50,000.00.

11/4/03
Date

Lassae Cato
Signature

Regional Administrative Remedy Appeal No. 311736-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted November 7, 2003. You allege a staff member at the Federal Prison Camp (FPC) in Montgomery, Alabama, negligently struck you with a golf cart. As relief, you request separate monetary amounts of $750,000 and $50,000 for damages.

A review of this incident revealed staff acted appropriately investigating the details and circumstances of the accident.

Additionally, the Regional Administrative Remedy Appeal process is not the proper format for requesting monetary damages. You may file an administrative claim for monetary compensation as set forth in 28 C.F.R. 543.30, et seq, <u>Federal Tort Claims Act</u>.

Accordingly, this response to your Regional Administrative Remedy Appeal is for informational purposes only. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of the General Counsel within 30 calendar days of the date of this response.

_11/28/03_    _[signature]_
Date             Regional Director, SERO