IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LAMAR CATO, # 49616-019          *

    Plaintiff,                    *

        v.                          * CIVIL ACTION NO. 2:05-CV-872-F
                                                         (WO)
RUTH YANCEY, *et al.*,           *

    Defendants.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Lamar Cato, filed this 42 U.S.C. § 1983 action on September 12, 2005. He seeks to challenge matters related to injuries he sustained on August 4, 2003 while incarcerated at the Federal Prison Camp located in Montgomery, Alabama. Specifically, Plaintiff alleges that Defendants exhibited deliberate indifference to his serious medical needs by delaying his ability to receive medical care until the morning after the incident occurred. Plaintiff seeks declaratory and injunctive relief, monetary damages, and trial by jury.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Claims Barred by the Statute of Limitations*

On August 4, 2003 at approximately 6:30 p.m. Defendant Marsha Rudolph accidentally struck Plaintiff with a golf cart. At the time of the incident, Plaintiff was exiting the doorway of the inmate commissary as Defendant Rudolph was driving past. Plaintiff contends that the impact from the golf cart caused him to be pushed and crushed into a steel door. Despite requesting immediate medical care, Plaintiff complains that Defendant Wayne Rogers advised him to return to his housing unit and attend sick call in the morning. Plaintiff attended sick call the morning of August 5, 2003. Medical personnel examined Plaintiff and noted that he bumped his head on a door and injured his hand after a golf cart hit the door he was exiting.[2] Plaintiff complains that Defendants violated his Eighth Amendment rights by failing to provide him with immediate medical care. He contends that the delay in providing medical treatment has caused him to experience memory loss, severe headaches, dizziness, and hot flashes. (Doc. No. 1.)

Plaintiff further complains that Defendant Michael Stevens subjected him to retaliation on August 15, 2003. In support of this allegation, Plaintiff alleges that his family arrived for visitation at 12:05 p.m. but Defendant Stevens told them visitation hours ended

---

[2] Plaintiff asserts that since the accident on August 4, 2003, he has continued to experience various medical problems. The complaint and exhibits filed in support thereof reflect that Plaintiff has received extensive medical care in response to his medical complaints and concerns allegedly stemming from the August 4, 2003 incident. (Doc. No. 1, Exhs. 3, 5-7.)

at 12:00 p.m. Consequently, Plaintiff was not allowed to visit with his family on this occasion. Plaintiff also asserts a retaliation claim against Defendants Briggs and Carter for placing him in the "pit" on August 13, 2003.[3]

The actions about which Plaintiff complains occurred on August 4, 2003, August 13, 2003, and August 15, 2003. It is, therefore, clear from the face of the complaint that Plaintiff's claims concerning retaliation and a delay in receiving medical care are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for

---

[3] Plaintiff states that the "pit" is used for inmates who do not comply with institutional rules and regulations. It is unclear from the complaint whether Plaintiff was placed there for this reason. Resolution of the basis for Plaintiff's assignment to the "pit," however, is not necessary for disposition of this matter.

personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The incidents made the subject of this action occurred on August 4, 2003, August 13, 2003, and August 15, 2003. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[4] Consequently, the applicable statute of limitations expired on Plaintiff's claims of retaliation and delay in receiving medical care on August 4, 2005, August 15, 2005, and August 16, 2005. Plaintiff filed the instant complaint on September 12, 2005. It was therefore, filed after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v.*

---

[4]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

*State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2.  In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed, as this action – with respect to those claims related to Plaintiff's delay in receiving medical care on August 4, 2003, and his claims of retaliation which occurred on August 13 & 15, 2005 – was brought more than two years after the violations about which he complains accrued.  The statutory tolling provision is unavailing.  In light of the foregoing, the court concludes that Plaintiff's challenges concerning a delay in receiving medical care and being retaliated against on August 13 & 15 , 2003 are barred by the applicable statute of limitations and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. The November 1, 2003 Retaliation Claim*

Plaintiff alleges that "[o]n or about November 1, 2003 Officer Todd retaliated against Cato by terminating his visit with his sister for no discernible reason." (Doc. No. 6, pg. 2.) Plaintiff's conclusory assertion that visitation with his sister was terminated as part of general scheme of retaliation by Defendant Todd is insufficient to support a claim under § 1983. *See Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2nd Cir.1987) ("allegations which are nothing more than broad, simple, conclusory statements are insufficient to state a claim under § 1983"); *see also Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir.1984) (naked assertions of a conspiracy are insufficient to state a claim under § 1983). Accordingly, Plaintiff's allegation of retaliation is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[5]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims arising from Plaintiff's allegation of inadequate medical care on August 4, 2003 and the claims arising from his August 13 & 15, 2003 allegations of retaliation be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint is not filed within the time prescribed by the applicable period of limitations;

2. Plaintiff's November 1, 2003 retaliation claim be DISMISSED with prejudice

---

[5] To the extent Plaintiff's claim that Defendants Briggs and Carter retaliated against him by placing him in the "pit" is not considered barred by the statute of limitations, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) for the same reason discussed by the court with respect to Plaintiff's November 1, 2003 retaliation claim.

under 28 U.S.C. § 1915(e)(2)(B)(i); and

3. This case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before December 18, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of December, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE